IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOEL PLASCENCIA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:05-CV-111-C |
| UNITED STATES OF AMERICA, | ) | (1:03-CR-035-C) |
| | ) | |
| Respondent. | ) | |

**ORDER**

The Court has considered the Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Joel Plascencia (Movant).

Movant entered a plea of guilty on August 27, 2003, to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. He was sentenced on December 22, 2003, to 210 months' incarceration, a five-year term of supervised release, and a mandatory special assessment of $100.00.

Movant's notice of appeal dated January 15, 2004, was received and filed by the Clerk on January 21, 2004. The United States Court of Appeals found that the final date for filing a notice of appeal under Fed. R. App. P. 26(a)(2) was January 12, 2004, and remanded the case to this Court to determine whether the untimely filing was due to excusable neglect or good cause. By Order dated April 2, 2004, this Court found that the untimely filing of the notice of appeal was not due to excusable neglect and that Movant had not shown good cause for his failure to file a timely notice of appeal. Upon return to the Fifth Circuit, the appellate court

found that "a timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction," and dismissed Movant's appeal on June 9, 2004.

Movant's § 2255 motion and his cover letter to the Clerk are dated June 15, 2005, and the motion was received and filed by the Clerk on June 22, 2005.

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year statute of limitations within which a § 2255 motion must be filed.  This limitation period runs from the latest of

    a. the date on which the judgment of conviction becomes final;

    b. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c. the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court can raise the statute of limitations under AEDPA *sua sponte*.  *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The Court entered its judgment on December 22, 2003.  When a defendant does not file a direct appeal, his conviction becomes final ten (10) days after the trial court entered the judgment of conviction.  *See* Fed. R. App. P. 4(b); *Moshier v. United States*, 402 F.3d 116, 117

(2nd Cir. 2005) ("an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires"); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered" for purposes of § 2255 motions); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired.").

The Fifth Circuit found that the last day for filing a timely notice of appeal was at the latest January 12, 2004, pursuant to Federal Rule Appellate Procedure 26(a)(2); therefore, Movant's conviction became final on January 12, 2004. Movant was required to file his § 2255 motion on or before January 12, 2005. His motion is dated June 12, 2005, and it was filed by the Clerk on June 22, 2005; therefore, his § 2255 motion was filed outside the one-year limitation period.

For the reasons stated above, Movant's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 is DENIED and this case is dismissed with prejudice.

All relief not expressly granted is denied and any pending motions are denied.

SO ORDERED this 1st day of September, 2005.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT